**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000480
23-MAY-2013
08:22 AM**

NO. CAAP-12-0000480

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SIAKI FALETA, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 10-1-0015)


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Siaki Faleta (Faleta) appeals from the April 11, 2012 "Judgment of Conviction and Sentence" entered in the Family Court of the First Circuit[1] (family court) convicting Faleta on two counts of Sexual Assault in the Third Degree in violation of Hawaii Revised Statutes § 707-732(1)(b) (Supp. 2009).

On appeal, Faleta contends the family court erroneously (1) admitted statements Faleta had made, and (2) excluded evidence.

## I.  BACKGROUND

On March 17, 2010, Plaintiff-Appellee State of Hawai'i (State) charged Faleta with two counts of sexual assault in the third degree.  On July 13, 2011, Faleta filed a motion to

---

[1]    The Honorable Colette Y. Garibaldi presided.

suppress self-incriminating statements he had made to a detective during a custodial interrogation at the Honolulu Police Department (HPD). Faleta argued he was unable to voluntarily, knowingly, and intelligently waive his right to remain silent and his right to counsel.

The family court conducted a hearing on Faleta's motion on December 7 and December 9, 2011. The parties presented testimony from Faleta, Faleta's first and second wives, and the detective who had interviewed Faleta and had advised Faleta of his rights. The family court denied Faleta's motion, finding Faleta had a sufficient understanding of the English language and had validly waived his rights.

On January 11, 2012, Faleta filed a notice of intent indicating he intended to introduce evidence that the complaining witness's sister (Sister) had falsified sexual assault allegations against Faleta (not the allegations in the instant case.) The State filed a motion in limine on January 17, 2012, seeking to exclude "any evidence relating to any prior bad acts of any of the State's witnesses or to the sexual history of the complaining witness[.]" The family court granted the State's motion in limine on January 23, 2012, stating it was "exclud[ing] any evidence concerning any sexual molestation investigation involving [Sister][.]"

On January 30, 2012, after trial and deliberations, the jury found Faleta guilty as charged. On May 10, 2012, Faleta filed a timely notice of appeal from the judgment entered against him.

## II. STANDARDS OF REVIEW

### I. Waiver of Rights

Discussing the constitutional protections afforded defendants by the United States Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), the Hawai'i Supreme Court has stated that,

> the protections which the United States Supreme Court
> enumerated in Miranda have an independent source in the

2

> Hawai'i Constitution's privilege against self-incrimination. In determining the admissibility of custodial statements, the prosecutor must show that each accused was warned that he had a right to remain silent, that anything said could be used against him, that he had a right to the presence of an attorney, and that if he could not afford an attorney one would be appointed for him. If these minimal safeguards are not satisfied, then statements made by the accused may not be used either as direct evidence or to impeach the defendant's credibility.
>
> Assuming, however, that the minimal safeguards are observed, the accused may waive the right to counsel, provided that such waiver is voluntarily and intelligently undertaken. Moreover, once warned of his Miranda protections, the suspect is *free to exercise his own volition* in deciding whether or not to make a statement to the authorities.
>
>> In determining whether a valid waiver of the right to counsel and the right to silence occurred, we review whether the purported waiver was knowing and intelligent and found to be so under the totality of the circumstances[.]
>
> An explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent or the right to counsel guaranteed by the Miranda case.

State v. Henderson, 80 Hawai'i 439, 441-42, 911 P.2d 74, 76-77 (1996) (internal quotation marks, citations, brackets, and ellipsis omitted).

II.      Motion in Limine

Because "the granting or denying of a motion in limine is within the trial court's inherent power to exclude or admit evidence, we review the court's ruling for the abuse of discretion standard." State v. Kealoha, 95 Hawai'i 365, 379, 22 P.3d 1012, 1026 (App. 2000) (internal quotation marks, citations, and brackets omitted).

However, when the trial court's order granting a motion in limine is an evidentiary decision based upon relevance, the standard of review is the right/wrong standard. Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).

As the Hawai'i Supreme Court has noted:

> [D]ifferent standards of review must be applied to trial court decisions regarding the admissibility of evidence, depending on the requirements of the particular rule of evidence at issue. When application of a particular

> evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard. However, the traditional abuse of discretion standard should be applied in the case of those rules of evidence that require a "judgment call" on the part of the trial court.

Walsh v. Chan, 80 Hawaiʻi 212, 215, 908 P.2d 1198, 1201 (1995) (quoting Craft v. Peebles, 78 Hawaiʻi 287, 293-94, 893 P.2d 138, 144-45 (1995)).

## III.  DISCUSSION

I.        Faleta's Motion to Suppress

Faleta contends the family court erred in denying his motion to suppress statements he made during a custodial interrogation by an HPD detective. Faleta argues his waiver of his right to remain silent and his right to counsel was invalid because he was advised of his rights without the aid of an interpreter.

"After a defendant has been adequately apprised of his Miranda rights, he may waive effectuation of these rights provided the waiver is made voluntarily, knowingly, and intelligently." State v. Luton, 83 Hawaiʻi 443, 454, 927 P.2d 844, 855 (1996) (internal quotation marks and brackets omitted). To determine whether a valid waiver was given, this court must examine the entire record and make an independent determination of the ultimate issue of voluntariness based on the totality of circumstances. Id.

The totality of the record demonstrated that Faleta sufficiently understood English and voluntarily, knowingly, and intelligently waived his rights. Faleta testified that he was born and raised in Tonga but has lived in the United States since 1986. His children attended English-speaking schools, and he communicated with his first wife primarily in English. Faleta also testified he ran his own business and engaged in "basic communications" with English-speaking customers. The detective who warned Faleta of his rights testified that Faleta stated he could understand basic English, and that at all times Faleta appeared to understand and appropriately answered questions in

English.  The family court found Faleta had understood the detective and had knowingly initialed the written warning and waiver form informing him of his constitutional rights.  We conclude the family court did not err in denying Faleta's motion to suppress his statements.

II.        State's Motion in Limine

We reject Faleta's argument that the family court's exclusion of evidence violated his constitutional rights.  In granting the State's motion in limine, the family court only excluded evidence that the complaining witness's Sister had recanted sexual assault allegations she had made against Faleta.  The family court did not preclude Sister from giving testimony indicating the complaining witness had lied about her allegations against Faleta, and the court allowed Faleta to cross-examine the complaining witness about possible biases, interest, or motive to testify against Faleta.  There is no indication that Sister's recanted allegations had any bearing on the charges at issue, and admission of such allegations would have led to confusion of the issues.  Therefore, the family court did not abuse its discretion when it granted the State's motion in limine.

IV.  CONCLUSION

The April 11, 2012 "Judgment of Conviction and Sentence" entered in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 23, 2013.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

5